Filed 6/5/14  P. v. McDaniel CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANDRE LAVONT MCDANIEL,<br><br>    Defendant and Appellant. | A140049<br><br>(Solano County<br>Super. Ct. No. FCR298979) |

Andre Lavont McDaniel appeals from a judgment based on his plea of no contest to assault with a deadly weapon (a guitar).  His court-appointed counsel has filed a brief raising no legal issues and requesting this court to conduct an independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436.

**STATEMENT OF THE CASE**

On April 12, 2013, the Solano County District Attorney filed a consolidated information charging appellant with one felony count of corporal injury to a cohabitant (Pen. Code, § 273.5, subd. (a)),[1] one felony count of assault with a deadly weapon (§ 245, subd. (a)(1)), one felony count of false imprisonment (§ 236), one misdemeanor count of unlawfully resisting, delaying, or obstructing a peace officer (§ 148, subd. (a)), and one misdemeanor count of disobeying a court order.  (§ 166, subd. (a)(4).)  The information further alleged two one-year prior prison term enhancements (§ 667.5, subd. (b)), two

---

[1]  All subsequent statutory references are to the Penal Code.

1

two-year on-bail enhancements related to the false imprisonment offense (§ 12022.1), and that appellant was ineligible for a county jail commitment (§ 1170, subd. (h)(3)).

About a month after the filing of the information, defense counsel declared a doubt about appellant's competence to stand trial (§ 1368). The court thereupon suspended the criminal proceedings and appointed Drs. Stephen L. Pittavino, Ph.D. and Janice Y. Nakagawa, Ph.D. to evaluate appellant's competency (§ 1369). In reports filed with the court on June 12, 2013, Dr. Pittavino opined that appellant was competent to stand trial while Dr. Nakagawa opined that appellant was not competent to stand trial. Due to the conflicting reports, the court-appointed a third doctor to evaluate appellant's competency, Robert E. Wagner, Ph.D. In a report filed on July 11, 2013, Dr. Wagner opined that appellant was competent to stand trial.

After receipt by the court of Dr. Wagner's report, the parties waived their respective rights to a jury trial on the question of competency and submitted the question of appellant's competency on the doctors' reports. The court found appellant competent and reinstated the criminal proceedings against him.

On August 27, 2013, the parties reached a negotiated disposition. In exchange for a three-year state prison sentence and dismissal of all other offenses charged in the information, including enhancements, appellant entered a no-contest plea to the felony count of assault with a deadly weapon.

Prior to entering his plea, appellant waived his *Boykin-Tahl* rights.[2] The parties stipulated to the use of the preliminary hearing transcript as the factual basis for the no-contest plea. On the change of plea form, appellant initialed line 6, which read: "Even though I will be convicted in this case as a result of my plea, I have the right to appeal this judgment and rulings of the court. **I give up my right to appeal**." (Bolding in original.) The court reserved jurisdiction to impose victim restitution at a later date (§ 1202.46).

---

[2] *Boykin v. Alabama* (1969) 395 U.S. 238; *In re Tahl* (1969) 1 Cal.3d 122.

Immediately after entering his plea, appellant waived his right to a presentence report and consented to immediate sentencing. The court then imposed the agreed-upon mid term state prison sentence of three years. The court also imposed a $600 postrelease community supervision revocation restitution fine (§ 1202,44).

On September 18, 2013, the court awarded appellant 352 days of presentence credits, comprised of 176 days of actual custody credits (§ 2900.5) and an equal number of conduct credits (§ 4019). On September 30, 2013, appellant filed an unopposed motion seeking additional presentence credits, which the court granted on October 11, 2013. In response, the court revised its earlier determination of credits and awarded appellant 426 days of presentence credits, comprised of 213 days of actual custody credits (§ 2900.5) and 213 days of conduct credits (§ 4019).

On October 16, 2013, appellant timely filed a form notice of appeal on which he checked the boxes indicating "[t]his appeal is based on the sentence or other matters after the plea that do not affect the validity of the plea" and "[o]ther basis for this appeal (you must complete the Request for Certificate of Probable Cause on page 2 of this form and submit it to the court for its signature)."

On October 17, 2013, the trial court granted appellant's request for a certificate of probable cause.

## FACTS[3]

On December 24, 2012, S.T., who had been living with appellant, her boyfriend, for three years, told her mother that he had "held her captive in their apartment for a couple of days and that he had repeatedly hit her ankle and her body . . . with a guitar." However, S.T., who testified earlier, stated that she did not recall giving her mother this information. S.T. also denied or could not recall giving a statement to a detective on December 25 or 26, 2012, in which she allegedly said appellant had threatened her with a guitar. S.T. testified that appellant "never laid hands on me" between December 21 and 24, though she acknowledged they had been fighting over money. She said she suffered

---

[3] The facts are taken from the transcript of the preliminary hearing held on March 28, 2013.

her injury to her foot when she dropped a stereo speaker on it that she had intended to throw at appellant during their argument. S.T. admitted she had been using methamphetamine at that time. On December 25, S.T. was in a car accident, which resulted in her being taken to the hospital. She didn't recall how the accident happened, but recalled waking up in the hospital two weeks later.

On December 26, 2013, Fairfield Police Officer George Poppe interviewed S.T. at the North Bay Medical Center. Poppe testified that S.T. told him appellant held her captive for several days after she admitted having sexual relations with another man. She also told Officer Poppe that appellant struck her with a "solid-body" guitar on several occasions during that time period. Officer Poppe said S.T. was "slow-talking" when he interviewed her at the hospital, and told him she and appellant had both been using methamphetamine throughout the period she had described.

The day before her interview with Officer Poppe, S.T. had been interviewed at the hospital by Fairfield Police Officer Joseph Perry. S.T. told Officer Perry that appellant had assaulted her at their home and where it was located. That day, Perry and other officers went to that address to arrest appellant. After the officers knocked on the door and announced their presence, appellant opened it, but once they attempted to arrest him he closed it. The officers forced their way in, handcuffed appellant, and then arrested him. While searching the residence they found a "solid-body" electric guitar that appeared to have a small drop of dried blood on its surface.

## DISCUSSION

Because appellant pled no contest to the assault offense, the scope of the reviewable issues is restricted to matters based on constitutional, jurisdictional, or other grounds going to the legality of the proceedings leading to the plea; guilt or innocence are not included. (*People v. DeVaughn* (1977) 18 Cal.3d 889, 895-896.)

Accordingly, the issues upon which we must chiefly focus are whether, as the court determined, appellant, was competent to stand trial and enter his plea. If so, we must also determine whether the court properly admonished him as to the rights he was

4

giving up by entering the plea, and he was at all material times represented by competent counsel who zealously protected his rights and interests.

For purposes of present competency to stand trial, a defendant is mentally competent "if, as a result of mental disorder or developmental disability, the defendant is unable to understand the nature of the criminal proceedings or to assist counsel in the conduct of a defense in a rational manner." (§ 1367, subd. (a).)

Having examined the entire record, and been particularly attentive to the competency evaluations of Drs. Pittavino, Nakagawa, and Wagner, we find substantial evidence that, as the trial court found, appellant was at the time of the ruling competent to stand trial; that is, that he was able to understand the nature and purpose of the proceedings taken against him (as well as the admonitions he received from the court prior to entering his plea); cooperate in a rational manner with counsel in preparing a defense; and prepare and conduct his own defense in a rational manner.

The admonition given appellant at the time he entered his plea fully conformed with the requirements of *Boykin v. Alabama, supra*, 395 U.S. 238 and *In re Tahl, supra*, 1 Cal.3d 122, and appellant's waiver was knowing and voluntary.

Our conclusions are as follows:

Appellant was represented by competent counsel who at all times acted assiduously to protect his rights and interests.

The transcript of the preliminary hearing provides a factual basis for the plea.

The sentence imposed is authorized by law.

## DISPOSITION

Our independent review having revealed no arguable issues that require further briefing, the judgment, including the sentence imposed, is affirmed.

_____
Kline, P.J.

We concur:


_____
Haerle, J.


_____
Richman, J.

6